IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROTERRA POWERED LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ESTES ENERGY SOLUTIONS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Proterra Powered LLC ("Plaintiff" or "Proterra") brings this action for patent infringement and conversion against Defendant Estes Energy Solutions, Inc. ("Defendant" or "Estes").

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement and related claims. This action concerns Estes's infringement of U.S. Patent No. 12,308,677 ("'677 Patent," "Asserted Patent" or "Patent-in-Suit," attached hereto as Exhibit A).

2.      Proterra is the assignee and owner of all rights, title, and interest in the '677 Patent.

3.      This action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §271.

4.      Estes, by and through former employees of Proterra, who are also named inventors in the '677 Patent, has engaged in activities that infringe the '677 Patent.

5.      Proterra seeks to protect its rights in the '677 Patent against that infringement by Estes.

6. Proterra also brings this lawsuit as a result of Estes's scheme to build a battery system company through Estes's theft of Proterra's patented and/or confidential and proprietary information.

## THE PARTIES

7. Proterra is a limited liability company organized and existing under the laws of Delaware, having a principal place of business located at 1815 Rollins Road, Burlingame, California 94010.

8. Estes is a corporation organized and existing under the laws of Delaware, having a principal place of business located at 1235 Connecticut Street, San Francisco, California 94107.

9. On information and belief, Estes may be served through its registered agent, The Corporation Trust Company, located at 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

10. This civil action for patent infringement arises under the patent laws of the United States, 35 U.S.C § 1 *et seq.*, including in particular under 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

11. This Court has personal jurisdiction over Estes at least because Estes is a Delaware corporation and thus resides in this district.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) at least because Estes resides in this district.

## THE PATENT-IN-SUIT

13. The '677 Patent, entitled "Battery System," was filed on June 15, 2022 as U.S. patent application number 17/806,989 and was duly and legally issued on May 20, 2025 by the U.S. Patent and Trademark Office ("USPTO").

## FACTUAL BACKGROUND ON PROTERRA

14.     Proterra is part of AB Volvo, a multinational company. AB Volvo offers a broad range of products, services and solutions across the transportation, mobility, construction and mining industries, and is a global leader in the electric trucks market with over 5,000 battery-electric trucks sold across 50 countries.

15.     Proterra designs and manufactures innovative battery solutions and partners with transportation and equipment manufacturers to reach their zero-emission goals. As a leader in battery technology and manufacturing for over a decade, Proterra has delivered purpose-built battery solutions across a wide range of applications, including medium- and heavy-duty trucks, commercial transit, school buses, off-highway equipment, and specialty vehicles.

16.     Proterra's high energy density battery packs are designed with multiple layers of advanced safety features that include liquid cooling and thermal management software that monitors and diagnoses battery health and performance.

17.     The innovative modular design of Proterra's battery systems offers a scalable platform to seamlessly integrate into on- and off-highway vehicles to meet diverse customer needs and vehicle regulations.

18.     Proterra has been recognized for its work in battery systems through numerous industry awards, including the Edison Award for innovation in Electric Energy & Propulsion Systems and TRUE certification for zero waste at multiple facilities.

## FACTUAL BACKGROUND ON THE '677 PATENT

19.     Both respectful and protective of intellectual property, Proterra has sought patents to protect its innovations.

- 3 -

20.     Proterra has been granted dozens of patents around the world, including the recently-issued '677 Patent.

21.     The named inventors in the '677 Patent are Dustin Grace, David Lai, Derek R. Paul, Yale Chen and Cagkan Yildiz (collectively, "The Inventors"). Three of The Inventors, Messrs. Grace, Lai and Yildiz, are former employees of Proterra, as further described below.

22.     In accordance with their employment agreements and compensation for their engineering work at Proterra, The Inventors assigned their entire title, right and interest in the '677 Patent to Proterra.

23.     The chain of title of the '677 Patent shows continuity of assignments from The Inventors to Proterra. Attached as Exhibit B is a copy of The Inventors' assignments of the rights to U.S. patent application number 17/806,989 to Proterra Operating Company, Inc. Attached as Exhibit C is a copy of assignment of rights to U.S. patent application number 17/806,989 from Proterra Operating Company, Inc. to Volvo Battery Solutions, LLC in February 2024. Attached as Exhibit D is a copy of Delaware state records of the name change from Volvo Battery Solutions, LLC to Proterra Powered LLC in March 2024. Again, U.S. patent application number 17/806,989 resulted in the '677 Patent.

24.     The subject matter of the '677 Patent originated out of The Inventors' work on a next-generation Proterra battery system developed under the project name "Falcon."

25.     Among other aims, Falcon was designed to lower the bill of materials (BOM) cost by using a single, centralized battery management system (BMS) to control multiple battery packs.

26.     Falcon was organized around at least three core principles: Centralized Architecture for Multiple Sub-Packs; Chemistry Agnostic; and Modular Building Blocks for Variety of Commercial Vehicles.

27.     During their work on Falcon, The Inventors designed and developed several inventions. The Inventors filed patent applications describing those inventions, including U.S. application number 17/806,989, which led to the '677 Patent.

28.     As shown in the official file of U.S. patent application number 17/806,989 at the USPTO, each of The Inventors signed a declaration stating that "The above-identified application was made or authorized to be made by me."

29.     As shown in the official file of U.S. patent application number 17/806,989 at the USPTO, each of The Inventors signed a declaration stating that "I believe that I am the original inventor or an original joint inventor of a claimed invention in the application."

30.     Copies of The Inventors' signed declarations for U.S. patent application number 17/806,989 are attached as Exhibit E.

31.     The Inventors were actively involved in pursuing the application for the '677 Patent. For example, Dustin Grace, former Chief Technology Officer (CTO) at Proterra, gave specific instructions on what subject matter to include in U.S. patent application number 17/806,989, and what subject matter not to include to preserve as trade secrets.

32.     Mr. Grace also actively marketed the next generation battery pack developed under the Falcon project on behalf of Proterra. For example, Mr. Grace presented a prototype of the next generation battery pack at the ACT Expo in May 2023. A copy of a photo of Dustin Grace at that ACT Expo with the prototype is attached as Exhibit F.

**FACTUAL BACKGROUND ON ESTES**

33.     Estes markets its battery system through its website at https://www.estes.energy/, including the Parvus™ and Magnus™ sized models, as described at https://www.estes.energy/solution (Exhibit G).

34.    Estes markets its "Stack" or "Multi Stack" battery system as using "[s]ingle-interface stacks [that] simplify assembly & reduce system mass." *Id.*

35.    Estes markets its battery system as chemistry agnostic, such that customers may "[c]hoose [their] chemistry." *Id.*

36.    Estes markets its battery system such that "[s]tandardized subpacks" can be mixed and are "fully scalable." *Id.*

37.    Estes markets its battery system for multiple applications that directly compete with Proterra, including heavy-duty trucks, medium-duty vehicles, buses and watercraft. *Id.*

38.    Unbeknownst to Proterra at the time, prior to resigning from Proterra on February 9, 2024, Dustin Grace was already executing on his plan to form Estes, which he did on February 26, 2024, when Estes was incorporated in Delaware.

39.    Also unbeknownst to Proterra at the time, prior to resigning from Proterra on February 9, 2024, another one of The Inventors, David Lai, was already executing on his plan to join Estes, which he assisted forming on February 26, 2024, when Estes was incorporated in Delaware. Mr. Lai was a Principal Engineer, Battery Systems at Proterra prior to his departure to join Estes.

40.    Shortly thereafter, on March 1, 2024, another one of The Inventors and co-founder of Estes, Cagkan Yildiz, resigned from Proterra. According to public accounts, Mr. Yildiz is a co-founder and CTO of Estes. Mr. Yildiz co-founded Estes while he was still the Director of Engineering, Battery Systems at Proterra.

41.    As referred to herein, Dustin Grace, David Lai, and Cagkan Yildiz shall be referred to as "The Resigned Inventors."

42.    In November 2024, "after 9 months of stealth development," Estes announced its launch and entered the market, as shown in Exhibit H.

43.    Before and since November 2024, Estes has hired away additional Proterra employees to support Estes's market entry with the Estes battery system, including but not limited to Jason Hom (former Engineering Manager at Proterra), Kassem Allhussein (former Sr. Staff Design Engineer at Proterra), Duybao Dao (former Project Engineer at Proterra) and Tolga Yildiz (former Director of Business Development at Proterra).

44.    Estes's efforts to increase its market penetration with the Estes battery system include capital funding provided by, among others, DCVC, as shown in Exhibit I, which is a copy of https://www.estes.energy/home.

45.    Estes makes, uses, offers to sell, or sells within the United States, and/or imports into the United States, and/or exports from the United States, the Estes battery system. For example, Estes offers "battery systems made in the USA," as described at https://www.estes.energy/, as shown in Exhibit J.

46.    Such activities by Estes as described above have infringed at least claims 1 and 14 of the '677 Patent, as further explained below in Count I. Exhibit K provides an infringement claim chart for an exemplary and/or representative Estes battery system. On information and belief, and as documented, before The Resigned Inventors resigned from Proterra and while they were still employed by Proterra and being paid by Proterra, they were planning to implement the Proterra confidential and proprietary design that they would later brand as the Estes battery system which infringes Proterra's '677 Patent. As the Proterra confidential and proprietary design was planned under those circumstances, the Estes battery system design is owned by Proterra, in addition to infringing Proterra's '677 Patent. Upon information and belief, without permission from Proterra,

Estes also used Proterra's confidential and proprietary information embodied in tangible form (e.g., electronic documents) to implement the Estes battery system. As explained below in Count II, such conduct also constitutes conversion of the Proterra confidential and proprietary battery system.

47.     In sum, The Resigned Inventors were the exact Proterra employees who designed and developed the key innovations and battery technology that became the subject of the '677 Patent, and filed U.S. patent application number 17/806,989 to protect the claimed features that would later issue as the '677 Patent. Despite having full knowledge of Proterra's exclusive rights in this technology throughout their employment, The Resigned Inventors left Proterra to form Estes and, in less than a year, launched a competing battery system that infringes the very '677 Patent they had developed while at Proterra—constituting willful infringement that is particularly egregious given that Estes's co-founders are using their insider knowledge to compete directly against their former employer with a product that practices the '677 Patent, as further explained below in Count I.  Upon information and belief, the competing battery system also embodies and uses Proterra confidential information beyond the subject matter claimed in the '677 Patent.  As explained below in Count II, such conduct also constitutes conversion of the Proterra confidential and proprietary battery system.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 12,308,677

48.     Proterra incorporates and reallege all paragraphs above as if fully set forth herein.

49.     Estes has infringed and continues to infringe one or more claims of the '677 Patent, including without limitation at least claims 1 and 14, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or

importing into the United States without authority the Estes battery systems and/or components thereof, including as described in Exhibit K.

50.     Estes, without authority and with knowledge of the '677 Patent, has actively induced infringement since approximately May 20, 2025, and continues to actively induce infringement of one or more claims of the '677 Patent, including without limitation at least claims 1 and 14, under 35 U.S.C. § 271(b), literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Estes battery systems and intentionally instructing or otherwise encouraging others (e.g., Exhibit G), including Estes's customers and end users to use the Estes battery systems in the United States in a manner that infringes one or more claims of the '677 Patent, including as described in Exhibit K.

51.     Estes has contributed to, since no later than approximately May 20, 2025, and continues to contribute to the infringement by others of one or more claims of the '677 Patent, including without limitation claims 1 and 14, pursuant to 35 U.S.C. § 271(c) literally or under the doctrine of equivalents, by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Estes battery systems and/or components thereof, or has others perform such acts on its behalf, specifically so that the Estes battery systems will be used in an infringing manner by others, including use as described in Exhibit K by Estes's customers and end users. Moreover, as shown in Estes's instructional materials (e.g., Exhibit G) in which no alternative use of the Estes battery systems is described, there is no other substantial use for the Estes battery systems or their components. Thus, Estes battery systems are a material part of the claimed inventions of the '677 Patent that result in infringement when used. As a result of Estes making and/or using, offering to sell, selling, and/or importing into the United States without

authority the Estes battery systems and/or components thereof, on information and belief other entities use these products for their intended purposes and according to Estes's instructions with the result that such entities, such as Estes's customers and users of the Estes battery systems, directly infringe the asserted claims of the '677 Patent, literally or under the doctrine of equivalents, for the reasons stated above and in <u>Exhibit K</u>.

52.     As explained below, on information and belief, Estes acts knowingly and/or willfully blind as to the existence of the '677 Patent claims and as to the fact that at least the Estes battery systems are especially made and adapted for this use in an infringing manner, are not staple articles of commerce, and do not have substantial non-infringing use.

53.     On information and belief, Estes was aware of or acted with willful blindness to the existence of the '677 Patent and the infringement of the '677 Patent by third parties, including without limitation users, customers, affiliates, parents, subsidiaries, third parties, importers, and/or sellers. As described above, Estes knew, should have known, or was willfully blind to the existence of the '677 Patent, and has since knowingly acted in disregard of Proterra's patent rights, including by making and/or using, offering to sell, selling, and/or importing into the United States without authority the Estes battery systems and/or components thereof.

54.     As co-founders, officers, leaders and principal engineers at Estes, The Resigned Inventors are in privity with Estes.

55.     Due to The Resigned Inventors' assignments of their rights to the '677 Patent, The Resigned Inventors are estopped from challenging the validity of the claims of the '677 Patent under the doctrine of assignor estoppel.

56.     Due to The Resigned Inventors' assignments of their rights to the '677 Patent, and Dustin Grace, Cagkan Yildiz and/or David Lai co-founding of Estes, Estes is estopped from challenging the validity of the claims of the '677 Patent under the doctrine of assignor estoppel.

57.     Due to The Resigned Inventors' assignments of their rights to the '677 Patent, and Dustin Grace, David Lai and Cagkan Yildiz being employed by and supporting Estes, including being officers of Estes, founders of Estes, and leaders and principal engineers of Estes, Estes is estopped from challenging the validity of the claims of the '677 Patent under the doctrine of assignor estoppel.

58.     As described above, Estes's infringement of the '677 Patent has been willful.

59.     Proterra has suffered and continues to suffer damages as a result of Estes's infringement of the '677 Patent.

60.     Unless Estes is enjoined from infringing the '677 Patent, Estes's efforts to make, use, offer to sell, sell, import or export the Estes battery systems will cause Proterra to suffer irreparable injury for which damages are an inadequate remedy.

## COUNT II: CONVERSION

61.     Proterra incorporates and reallege all paragraphs above as if fully set forth herein.

62.     Proterra owns and has the exclusive right to possession of the Proterra confidential and proprietary battery system.

63.     Estes has converted the Proterra confidential and proprietary battery system to Estes's wrongful use by a series of wrongful acts.

64.     Estes has committed distinct, unauthorized acts of dominion or ownership over things of value owned by Proterra, namely, the Proterra confidential and proprietary battery system.

65. Estes intentionally acquired, and then illegally retained and disclosed to others, the Proterra confidential and proprietary battery system, and related know-how, and used it to produce the Estes battery system.

66. The Proterra confidential and proprietary battery system is of substantial value and Proterra has a possessory or proprietary interest in the Proterra confidential and proprietary battery system and related know-how.

67. Estes tortiously and/or knowingly obtained, retained, or exercised control over the Proterra confidential and proprietary battery system and related know-how without authorization of Proterra and/or by deceiving Proterra by removing the Proterra confidential and proprietary battery system and related know-how.

68. Estes intended to deprive and/or tortiously deprived Proterra permanently of the value of its exclusivity in the Proterra confidential and proprietary battery system, and/or used Proterra's confidential documents and information in such a manner as to deprive Proterra of its use or benefit.

69. By Estes's actions of acquiring, retaining, using, and/or disclosing the Proterra confidential and proprietary battery system, and related know-how, Eses has interfered with and deprived Proterra of the ability to exercise control over its property.

70. Estes is continuing to convert the Proterra confidential and proprietary battery system and related know-how by Estes's wrongful use of the Proterra confidential and proprietary battery system, for which injunctive relief is appropriate.

71. As a direct and proximate result of Estes's illegal and unlawful conversion of the Proterra confidential and proprietary battery system, Proterra has suffered and will continue to suffer irreparable harm, as well as damages to be proven at trial, for which Estes is liable.

72.     Estes's wrongful conduct has been willful and malicious and done with intent to deprive Proterra of its property and legal rights. Proterra is therefore entitled to exemplary and punitive damages in an amount sufficient to punish Estes and deter future wrongful conduct.

## JURY DEMAND

Proterra hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a.  Judgment that Estes has infringed and will infringe the Patent-in-Suit under 35 U.S.C. § 271(a), § 271(b), and/or § 271(c);

b.  An award of damages to Proterra for Estes's infringement of the Patent-in-Suit, in an amount to be determined at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

c.  An award of treble damages to Proterra for Estes's willful infringement of the Patent-in-Suit pursuant to 35 U.S.C. § 284;

d.  A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action to Plaintiff; and

e.  judgment that Estes engaged in conversion in violation of Delaware and/or California law;

f.  an award of compensatory damages, punitive damages, and restitution for Estes's conversion;

g.  An award of Plaintiff's reasonable costs and expenses in this action;

    h.   An order enjoining and restraining Estes and its officers, agents, employees, and those acting in privity with them, from further infringement of the Patent-in-Suit and further conversion; and

    i.   Such further and other relief as this Court deems proper and just.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

_____

Karen Jacobs (#2881)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
ccucuzzella@morrisnichols.com

*Attorneys for Plaintiff*
*Proterra Powered LLC*

OF COUNSEL:

Christopher D. Bright
SNELL & WILMER L.L.P
600 Anton Blvd, Suite 1400
Costa Mesa, CA  92626-7689
(714) 427-7000

July 22, 2025